ARASTO FARSAD (BAR # 273118)
FARSAD LAW OFFICE, P.C.
2905 STENDER WAY, STE. 76B
SANTA CLARA, CA 95054
(408) 641-9966
(408) 866-7334 FAX
FarsadLaw1@gmail.com

Attorney for Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In Re:<br><br>ERLINDA MENDOZA GIL,<br><br>       Debtor-in-possession | ) Case No.: 17-28002<br>) Chapter 11<br>) DCN: AF-004<br>)<br>) **APPLICATION OF DEBTOR FOR ORDER**<br>) **UNDER 28 U.S.C. §327 AUTHORIZING**<br>) **AND APPROVING EMPLOYMENT OF**<br>) **FARSAD LAW OFFICE, P.C. AS**<br>) **GENERAL BANKRUPTCY COUNSEL**<br>)<br>)<br>) Date:     February 6, 2018<br>) Time:    1:00 pm<br>) Location: Dept. B. Crtrm 32<br>)          501 I Street,<br>)          Sacramento, CA 95814<br>) Judge:   Christopher D. Jaime |

     ERLINDA MENDOZA GIL, Debtor and Debtor-in-Possession ("Debtor"), hereby submits

this Application to Employ Farsad Law Office, P.C. as general bankruptcy counsel ("Application").

Farsad Law Office, P.C. is located at 2905 Stender Way, Suite, 76B, Santa Clara, CA 95054.  This

Application is brought pursuant to 11 U.S.C. §327(a), 328(a) and 329(a)  of the United States Code

(the "Bankrutpcy Code") and Rules 2014(a) and 2016(b) of the Bankruptcy Procedure ("FRBP"),

and the attached Points and Authorities for entry of and Order authorizing the employment of

Farasd Law Office, P.C. as counsel to Debtor.

## I.    JURISDICTION

1.    This Court has jurisdiction over this Application under 28 U.S.C. §§157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).  Venue is proper under 28 U.S.C. §§1408 and 1409.  The statutory basis for the relief requested herein is §327 of the bankruptcy code.

## II.    STATEMENT OF THE CASE

**General Background**

**A.    The Property**

2.    This case was commenced by the filing of a Voluntary Petition for relief under Chapter 13 of the United States Bankruptcy Code on December 11th, 2017 to stop a foreclosure. The case is set for a hearing to convert to a Chapter 11 on February 6, 2018.

3.    The Debtor owns one piece of real property located at 1025 North Hillview Drive, Milpitas, CA 95035 ("Property").  The Debtor does not reside there.  To date, Wells Fargo Home Mortgage, the one and only secured lienholder on the Property, has not filed a Proof of Claim. Schedule D of the filed petition lists the lienholder's claim to be $1,396,187.00, including arrears.

**B.    Unsecured Debt**

4.    Debtor has no unsecured debt.

**C.    Income from all sources**

5.    Debtor generates $6,500 per month in gross rental income from the Property. Debtor receives $2,184 per month from Social Security.

## III.    RELIEF REQUESTED

By this Application, the Debtor respectfully request entry of an order, pursuant to the Bankruptcy Code, the Bankruptcy Rules, and Eastern District Local Rules, authorizing her to employ and retain Farsad Law Office, P.C. (the "Firm"), as of the Conversion Date, in connection with the administration of this Chapter 11 case.

Debtor has been informed that Arasto Farsad, lead attorney in the firm of Farsad Law Office, P.C. is a member in good standing with the Bar of the State of California.

Debtor has selected Arasto Farsad, lead attorney in the firm of Farsad Law Office, P.C. because he is very familiar with Debtor's financial situation and has established a trusting relationship with Arasto Farsad.

**A.      Basis for Relief Requested-Scope of employment and qualification**

1.   The Debtor is the Debtor-in-Possession herein.

2.   On or about December 1, 2017, the Debtor retained the Firm to handle its general bankruptcy matters.

3.   Debtor, as Debtor-in-possession, wish to employ the Firm as general bankruptcy counsel.  Arasto Farsad, an attorney duly admitted to practice in this Court will represent the Debtor as Debtor-in-possession.

4.   The Debtor has selected the Firm because the Debtor believes the Firm is qualified to continue to represent her in the Chapter 11 case.

5.   Arasto Farsad, has not represented other Debtors in any Chapter 11 cases. He has, however, been a practicing bankruptcy attorney in the Northern District, Eastern District and Central District of California since 2010 having successfully overseen hundreds of Chapter 7 and Chapter 13's.  The instant case is neither so complex nor daunting that Arasto Farsad would not be able to competently and diligently represent the Debtor.  Debtor believes Counsel possesses the requisite skill, experience, and integrity to competently represent Debtor.

6.   The Firm's services are necessary to enable the Debtor to faithfully to continue to execute her duties as debtor–in-possession until the case is converted, dismissed, a Chapter 11 trustee appointed, or a plan confirmed.

**B.   Legal Services to be Provided**

7.   The professional services that the Firm are to provide include:

a. advising the Debtor with respect to the powers and duties as Debtor-in - possession in the continued operation of the business and management of the Debtor's property;

b. taking necessary action to avoid any liens against Debtor's property;

– 3 –
**APPLICATION TO EMPLOY GENERAL BANKRUPTCY COUNSEL**

c.  assist, advise and represent Debtor in consultations with creditors regarding the administration of this case, including the creditors holding liens on the property;

d. reviewing proofs of claims and negotiating with creditors in this case;

e. taking necessary action to stop foreclosure proceedings which may be in effect against any of Debtor's property, specifically the property that is the Debtor's residence;

f. preparing on behalf of the applicant as Debtor-in-possession necessary applications, answers, orders, reports and other legal papers;

g. preparing on behalf of the applicants as Debtor-in-possession a disclosure statement, a plan of reorganization, and representing Debtor at any hearing to approve the disclosure statement and to confirm the plan of reorganization;

h. assist, advise and represent Debtor in any manner relevant to a review of any contractual obligations, and asset collection and dispositions;

i. preparing documents relating to the disposition of assets;

j. advise Debtor on finance and finance-related matters and transactions and matters relating to the sale of Debtor's assets;

k. assist, advise and represent Debtor in any issues associated with the acts, conduct, assets, liabilities and financial condition of Debtor, and any other matters relevant to this case or to the formulation of plan(s) of reorganization;

l. assist, advise and represent Debtor in the negotiation, formulation, preparation and submission of any plan(s) or reorganization and disclosure statement(s);

m. assist, advise and represent Debtor on litigation matters, if needed, as requested; and

**APPLICATION TO EMPLOY GENERAL BANKRUPTCY COUNSEL**

n.  provide such other necessary advice and services as Debtor may require in connection with this case, including advising and assisting Debtor with respect to resolving disputes with any creditor that may arise.

8.  It is necessary for applicants as Debtor-in-possession to employ an attorney for such professional services because the applicant is not sufficiently familiar with the rights and duties of Debtor-in-possession as to be able to continue to plan and conduct proceedings without the aid of competent counsel.

9.  The attorneys from the Firm who will be working on the case are Arasto Farsad and Kristina Pedroso, and Chi Dinh.

10.  The paraprofessionals who will be working on the case are: Steve Kolkey, Kas Farsad, and Evan Fuller.

**C.  The Firm's Compensation and Pre-Petition Retainer**

11.  Debtor and Counsel have made the following economic arrangements, all of which are and will be subject to approval of the Court.  Debtor and Counsel have entered into a Legal Services Agreement concerning Counsel's representation of Debtor.  (A true and correct copy of the Legal Services Agreement can be provided upon request)

12.  The Firm commenced pre-petition services to the Debtor commencing on or about January 5, 2018.

13.  Counsel received no pre-petition retainer for the Chapter 11 case.

14.  Counsel estimates that fees will be at least $12,500.00.  Counsel will periodically apply to the Court for these fees.

15.  There are no arrangements between the Firm and any other entity for the sharing of compensation received or to be received in connection with these cases, except insofar as such compensation may be shared among the members and associates of the Firm.

16.  The Debtor understands that the Firm will make periodic applications for interim compensation so that the anticipated $12,500 in attorney fees will be subject to approval of this

Court in accordance with 11 U.S.C. §§ 326-331 (as applicable); bankruptcy Rules 2016(a), 2002(a), (c), and (k); Local Rule 9014-1(b)(1); and the Northern District's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees.

17. The Firm may seek interim compensation during the case as permitted by Bankruptcy Code section 331.

18. Arasto Farsad, owner of the Firm, and his attorneys-Kristina Pedroso and Chi Dinh-have a current hourly rate of $300.00 per hour; paralegals have a rate of $100.00 per hour. Attorney's fees will be billed in minimum increments of one-tenth (1/10) of an hour, even though the actual time may be less. The Debtor has also agreed that the Firm will be reimbursed for its reasonable out of pocket expenses incurred in connection with its employment according to the following schedule (some categories may not apply if there are no adversary proceedings):

| Description: | Amount |
|---|---|
| Automobile travel: | waived |
| Internal copying/printing: | .10 per page |
| Computerized research: | Actual cost |
| Court reporters fee: | Actual cost |
| Outside copying: | Actual cost |
| Overnight delivery: | Actual cost |
| Parking: | Actual cost |
| Postage: | Actual cost |
| Process service: | Actual cost |
| U.C.C. searches: | Actual cost |
| Witness fees: | Actual cost |
| PACER: | Actual cost |

## IV. CONNECTIONS BETWEEN COUNSEL, DEBTOR, CREDITORS, AND PARTIES IN INTEREST

19. The Declaration of Arasto Farsad discloses his connections to the Debtor and disinterested parties and is incorporated herein by reference. In reliance on this Declaration, and except as set forth therein, the Debtor believes that: a) Arasto Farsad has no connection with the Debtor, her creditors, the U.S. Trustee for Eastern District of California, any person employed in the office of the U.S. Trustee, or any other party with an actual or potential interest in this case, or their attorneys and accountants; b) Arasto Farsad is not a creditor, equity security holder or insider

of Debtor; c) none of Arasto Farsad's partners, associates or employees were within two years of the petition date, a director, officer, or employee of the Debtor; d) Arasto Farsad neither holds nor represents an interest materially adverse to the Debtor, her estate, or any class of creditors, or equity seciurity holders. Therefore, Debtor believes that Arasto Farsad is a "disinterested person' within the meaning of Section 101(14) of the Bankruptcy Codce, as modified by Section 1107(b), and as required by Section 327(a) of the Bankruptcy Code.

## V.   MEMORANDUM OF POINTS AND AUTHORITIES

20.   The employment of professionals by a Debtor in a Chapter 11 case is governed by 11 U.S.C. §327:

> a. Except as otherwise provided in this section, the trustee, which the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duty under this title.

The term "disinterested person" is defined as a person that:

(A)      is not a Creditor, an equity security holder, or an insider; and

(B)       is not and was not, within 2 years before the date of filing the petition, a director, officer, or employee of the Debtor; and

(C)      does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or    for any other reason.

(D)      The Firm was not a pre-petition creditor of Debtor. The Firm is not an Insider; it was not an employee of Debtor within the last two years; it does not hold or represent an interest adverse to the estate; and it has no interests materially adverse to Debtor or any class of Creditors. The Firm has disclosed its connections with Debtor, and does not believe that any of these connections would interfere with its duties to Debtor and its estate.

WHEREFORE, Debtor prays for an order authorizing the employment of Farsad Law Office, P.C., on the terms and for the performance of the services herein above set out, and for the authorization to be implemented as of the Conversion Date.


**FARSAD LAW OFFICE, P.C.**

Dated: January 8, 2018  By:                *_/s/ Arasto Farsad, Esq._*
                                         Arasto Farsad, Esq.
                                         Attorney for Debtor-in-Possession